UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN MANCONE :
:
Vs. : C.A. #:
:
STEPHEN NAPOLITANO, in his : CA 04 171 T
capacity as Treasurer of the City of :
Providence; CITY OF PROVIDENCE; and :
FRATERNAL ORDER OF POLICE :
PROVIDENCE LODGE No. 3 :

**COMPLAINT**
**(PARTIES & JURISDICTION)**

1. Plaintiff brings this action under, and jurisdiction of the action is conferred on this Court be virtue of, Section 301 of the Labor Management Relations Act of 1947 (29 USCA § Section 185) [Act], to recover damages for Plaintiff's denial of promotion by Defendant, City of Providence [Employer], and for breach by Defendant, Fraternal Order of Police Providence Lodge No. 3 (F.O.P.), the Plaintiff's union, of its duty of fair representation owing to the Plaintiff.

2. Plaintiff is an individual residing in the Town of North Smithfield, State of Rhode Island.

3. Defendant, City of Providence, is a municipal corporation and is sued herein by and through its treasurer, Stephen Napolitano, the official designated by law to be named in suit for damages against the City. Plaintiff presented his claim to the City Council of the City of Providence, and his claim has not been satisfied.



1

4. Plaintiff was employed by the Defendant, City of Providence, in 1996, in his capacity as a detective, and on July 27, 1996, successfully passed the promotional examination to be promoted to the rank of Sergeant.

5. Despite the Plaintiff's successful completion of said exam, Plaintiff was willfully denied promotion to sergeant as a result of a cheating scandal which occurred prior to and during said exam of July 27, 1996.

6. Specifically, the Plaintiff's employer, prior to the exam of July 26, 1996, provided test materials and answers for said exam to employees who took said exam and received promotion instead of the Plaintiff.

7. Defendant, Fraternal Order of Police Providence Lodge No. 3, now is, and at all times mentioned was, a labor organization representing employees in an industry effecting commerce as defined in Sections 501(1) and ( 3) and 2(5) of the Act (29 USCA § 142 (1) and (3) and 29 USCA § 152(5), and within the meaning of Section 301 of the Act (29 USCA § 185).

8. During all times mentioned, Defendant union was the recognized collective bargaining representative of the bargaining unit consisting of Defendant's employer.

9. On or about July 1, 1996, Defendant employer and Defendant union entered into a collective bargaining agreement covering the employees, including Plaintiff, in the above mentioned bargaining unit, which agreement was in full force during the entire period that involved herein. Both Defendants have copies of the agreement, and for that reason, none is attached to this Complaint.

10. The agreement was entered into by Defendants for the benefit of the employees and the bargaining unit, and Plaintiff, as a member of such bargaining unit, is accordingly entitled to the benefit of the agreement, and to enforce the provisions of the agreement.

11. As it appears from the agreement, Section 3, entitled "Promotional Procedures," details the qualifications for the procedures to achieve the rank of Sergeant. Article XIV of the collective bargaining agreement, entitled "Grievance Procedure," establishes a procedure, presentation, negotiation settlement or disposition of grievances, and expressly provides that all matters, for whatever cause, shall be subject to the grievance procedure.

12. As alleged above, Plaintiff was denied promotion by the Defendant employer in 1996. Plaintiff alleges his denial of promotion was based upon a fraudulent and illegal scandal that occurred within the City of Providence.

13. Plaintiff was unaware of such illegal actions, as said actions were concealed by the Defendant employer, City of Providence. Plaintiff was unable to comply with the grievance procedures due to the Union's conduct, as it would have been futile to seek the Union's assistance to process the Plaintiff's grievance. As such, the Plaintiff had exhausted all of his remedies as a result of the futility of said procedures.

14. Plaintiff alleges, on information and belief that the Defendant union, in breach of its statutory duty of fair representation of the Plaintiff under the provisions of the Act, conspired with the Defendant employer to deny the Plaintiff's promotion to the rank of sergeant.

15. As a result of Plaintiff's denial of promotion by Defendant employer, in violation of Plaintiff's rights under the collective bargaining agreement, and a breach of Defendant union of its duty of fair representation of the Plaintiff, Plaintiff has suffered grievous and extensive damages, as the Plaintiff had to wait until March 30, 2001 to be promoted to the rank of sergeant. Plaintiff had to wait until 2003 to take the exam for further promotion to rank of lieutenant. In effect, he lost more than four and one-half years on his career path due to the illegality of the 1996 exam.

WHEREFORE, the Plaintiff, requests that this Court:

i) Determine that the defendant employer denied the Plaintiff's promotion without just cause, in breach and violation of Plaintiff's rights under the collective bargaining agreement, and that the Defendant union breached its duty of fair representation owing to Plaintiff;

ii) Award Plaintiff damages against both defendant employer and defendant union, or in such proportion between them that the court may determine to be just and proper;

iii) Award Plaintiff punitive damages;

iv) Award Plaintiff attorney's fee; and

v) Grant Plaintiff such other and further relief as this Court deems just and proper.

Plaintiff demands a jury trial and designates Jeffrey B. Pine and Peter P.D. Leach as trial counsel.

Plaintiff,
By his attorneys,

Jeffrey B. Pine, Esq. #2287
321 South Main Street, Suite 302
Providence, RI 02903
(401) 351-8200

Peter P.D. Leach #3955
One Charles Street
Providence, RI 02904
401-521-9100